KEEN v. TEXAS UNEMPLOYMENT COMPENSATION COMMISSION.

No. 11111.

Court of Civil Appeals of Texas. Galveston.

Feb. 13, 1941.

H. C. Keen, of Beaumont, for appellant.

T. L. Foster, of Dallas, and Joiner Cartwright, John B. Thomas, and Chas. F. Heidrick, all of Beaumont, for Sun Oil Co. as amicus curiæ.

Gerald C. Mann, Atty. Gen. of Texas, and Glenn R. Lewis, Morris Hodges, and

212

Lee Shoptaw, Asst. Attys. Gen., for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the County Court of Matagorda County denying appellant, George R. Keen, Jr., unemployment benefits under the Texas Unemployment Compensation Act.

The trial was before the court upon the following agreed statement of facts as an agreed case under Article 2177, Vernon's Annotated Civil Statutes.

"1. Plaintiff is George R. Keen, Jr., a resident of Matagorda County, Texas. The defendant is the Texas Unemployment Compensation Commission, of which Orville S. Carpenter, C. R. Miller and Patrick D. Moreland are members. That proper service has been had on all parties.

"That this suit is an appeal under Article 5221b—4, of the Revised Statutes of the State of Texas [Vernon's Ann.Civ. St. art. 5221b—4], from a final order of the Texas Unemployment Compensation, Commission denying payment of benefits to the plaintiff herein, who was Claimant below, and involved a claim under the Texas Unemployment Laws—Article 5221b —1 et seq.

"3. Claimant, George R. Keen, Jr., resigned his position with an oil company at Beaumont, Texas, in September, 1938, to immediately enter the University of Texas and has been a full time student in that institution working for his degree since that time; was said student on July 12, 1939, when he filed his initial claim and is still enrolled as a full time student working for his degree. He has had no employment since entering the University. His actual class attendance is from 9 A.M. to 1 P.M., and he is available for work after 1 P.M. and before 9 A.M.; that the time required for study outside the four class work hours would not interfere with doing eight hours work between 1 P.M. and 9 A.M. He is not available for any employment that required his services between 9 A.M. and 1 P.M.

"4. Claimant was denied benefits because he was a full time student in the University of Texas and not available for work. No other disqualification for benefits is involved herein.

"5. In the event Claimant is eligible to receive benefits from the Commission he would be entitled to such sum as is provided for by law, to wit, $158.50 payable in biweekly installments of $30 each.

"6. The Claimant has satisfied each and every requirement so far as procedure is concerned under the Act and has made the various claims and given the proper notices, filed suit within the time required, and this cause is properly before this Court so far as matters of procedure and other formal matters are concerned."

The trial court held in his judgment that appellant was not available for work under the requirements of the Unemployment Compensation Act and denied recovery thereunder.

This case involves the construction of Article 5221b—2, Vernon's Annotated Civil Statutes of Texas, and presents the question of whether, under above facts, appellant, who voluntarily resigned from his employment to enter school and who was admittedly not available for any work which would interfere with his school work, was entitled to the benefits or available for work under the provisions of the Texas Unemployment Compensation Act.

Although the Unemployment Compensation Acts of practically every state in the union, as well as that of Great Britain, are identical with the provision of said Article 5221b—2 in that they provide that an unemployed person must be "available for work" in order to be eligible for benefits thereunder, we are informed by both parties to this appeal that they have been unable to find a reported case in which the question raised herein is involved.

The parts of said Article 5221b—2, Vernon's Annotated Civil Statutes, material to this appeal read:

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

* * * * * *

"(c) He is able to work, and is available for work."

The Texas Unemployment Compensation Commission found, under above facts, that appellant was not available for work under the requirements of the Compensation Act and denied payments of benefits thereunder.

██ The Texas Unemployment Compensation Act indicates a legislative intent to provide a method of compensation for persons who are unemployed through no fault of their own. There is nothing in the sub-

ject matter of the Act, however, which would justify the presumption that the legislature intended to thereby make available for compensation benefits all persons who voluntarily resign from their employment to enter other occupations, where the conditions are such as to render them unavailable for work and to prevent them from accepting any offer of suitable employment.

In the instant case, it is admitted that appellant voluntarily resigned a position with an oil company in Beaumont, Texas, to attend the University of Texas, and that he will refuse to accept any employment between the hours of 9 A.M. and 1 P.M., for the reason that such employment will interfere with his school work. He is therefore not available for full time employment similar to that in which he was previously engaged.

The Unemployment Compensation Commission and the trial court were justified in finding, under above facts, that appellant was not available for work within the meaning of said Article 5221b—2. The judgment of the trial court will be, therefore, in all things affirmed.

Affirmed.