DeMito Unemployment Compensation Case.

Argued June 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*A. Benjamin Scirica,* with him *Vincent A. Couchara,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., September 16, 1960:

In this unemployment compensation appeal the question whether a college student is entitled to benefits, when his employment is limited to the summer vacation period, arises again. Henry J. DeMito, the claimant, was last employed by the Continental Diamond Fibre Company, Bridgeport, Pennsylvania, in January 1959, when he terminated his employment to attend Millersville State Teachers College as a full-time student. On May 22, 1959, he started his summer vacation and was re-employed at his old job with Continental on May 25, 1959, where he worked until laid off on July 2, 1959.

He was interested in summer employment only, and even though he did testify that he did not know whether he would return to college, he did in fact return to Millersville State Teachers College in September, to start the fall term. The Bureau of Employment Security denied him benefits on the ground that he was not able and available for suitable employment under the provisions of §401(d) of the Unemployment Com-

pensation Law, 43 PS §801(d). The referee reversed the bureau's determination and allowed benefits, and on appeal to the Board of Review, the decision of the referee was reversed on the ground that he was not generally and realistically attached to the labor market.

It is apparent that his primary objective was to attain a college education and as Judge ERVIN said in *Gulbin Unemployment Compensation Case,* 191 Pa. Superior Ct. 646, 159 A. 2d 37 (1960), at page 649: "Making oneself available for work for short periods of time, under the circumstances of this case, is not sufficient to make the appellant genuinely attached to the labor market . . . Certainly the legislature never intended to subsidize a college education by payments under the Unemployment Compensation Law." Availability for work requires that a claimant should be actively and currently attached to the labor force. *Collins Unemployment Compensation Case,* 191 Pa. Superior Ct. 273, 156 A. 2d 593 (1959).

The argument of the claimant that the appeal of the bureau was not filed in time is without merit. The decision of the referee was made on November 20, 1959. The appeal of the bureau was filed by "prior correspondence forwarded" within the ten-day statutory period on November 30, 1959 and perfected within the ten-day period provided by the board's regulation on December 7, 1959. See the discussion in *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 111 A. 2d 165 (1955).

The contention that the compensation authorities were bound by decisions made in regard to this claimant for the claim periods of July 13 and July 20, is also without merit. The decision of the compensation authorities, unappealed from, for those weeks, granting benefits and holding that he did not voluntarily leave

his employment without a necessitous reason, is final. He is entitled to payment for those periods; however, each week of unemployment is the subject of a separate claim whose validity is determined by a consideration of conditions existing within that week: *Friel Unemployment Compensation Case*, 167 Pa. Superior Ct. 362, 75 A. 2d 7 (1950). This is so even though the reason for refusal in the instant case existed during the period benefits were allowed and was not then raised.

Decision affirmed.