**Henry A. GOLDEN, Plaintiff-Appellant,**

v.

**INDUSTRIAL COMMISSION of Missouri, DIVISION OF EMPLOYMENT SE-CURITY, Defendants-Respondents.**

**No. 9725.**

Missouri Court of Appeals,
Springfield District.

May 27, 1975.

Devon F. Sherwood, Sherwood & Bruer, Springfield, for plaintiff-appellant.

Terry C. Allen, Jefferson City, for defendants-respondents.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Without success, claimant exhausted all administrative procedures and appeals provided by the Missouri Employment Security Law (Ch. 288)[1] to obtain unemployment benefits for three weeks in February 1973. The result of claimant's appeal to the circuit court was likewise not of his liking and he appealed to this tribunal for succor. § 288.210.

At the time of unemployment, claimant was a 30-year-old married college student

---

1. Statutory references are to RSMo 1969, V.A.M.S.

enrolled at Baptist Bible College in Springfield. He had been a student at the college since September 1971 where classes required his attendance from 7:30 a. m. to 12:20 p. m., Monday through Friday. From and after September 1971 (except for the period of unemployment, supra) claimant had been employed in jobs that did not conflict with his classroom hours. Because of his need to attend classes during the stated hours, claimant was available for work only in the "afternoon[s] and evenings, or a third shift." Denial of benefits was predicated solely on findings that claimant was not "available for work" as required by § 288.040, subd. 1(2).[2] In part, the reason for the finding was: "The law has no special eligibility provisions for students attending school. A student must meet the same availability requirements as any other claimant [and] his personal circumstances must leave him free to accept any full-time suitable work when it is offered to him; he must not place unreasonable restrictions upon the . . . hours or other working conditions which he will accept . . . . By reason of his class attendance this claimant was not in a position to accept full-time work during all normal working hours."

Before proceeding we should note that claimants may not qualify for unemployment benefits either because they are (1) *ineligible* therefor by reason of the eligibility requirements of § 288.040, or (2) are *disqualified* for benefits under circumstances enumerated in § 288.050. The two provisions of the act are separate; ineligibility under § 288.040 is to be distinguished from disqualification under § 288.050. Although there be situations where the eligibility and qualification vel non of a particular claimant for benefits overlap because both are involved, unfortunately in some situations where courts should be concerned and limited to a consideration of only one or the other, the opinions seem to improperly commingle and confuse the two. In this instance we are not concerned with disqualification under § 288.050; neither are we concerned with claimant's ability to work nor the effectiveness of his efforts in actively and earnestly seeking work as prescribed by § 288.040. Rather, our question is simply this: Is the claimant here, who has limited the time when he is accessible for employment to hours when not in attendance at college classes, "available for work" within the meaning of that term as used in § 288.040?

The term "available for work" is not defined in the Missouri Employment Security Law. Apparently no authority has found it required or necessary to undertake an exact definition of the term. The courts generally are content with saying that as availability differs from case to case, no standards can be envisioned that would cover the myriad of differing circumstances that may surface in individual causes. Wiley v. Carroll, 201 S.W.2d 320, 321 (Mo. 1947). However, to be eligible a claimant must clearly possess a genuine attachment to the labor market and be able, willing and ready to accept suitable work. Producers Produce Co. v. Industrial Commission, 365 Mo. 996, 1014, 291 S.W.2d 166, 177[12] (banc 1956). Therefore, since no doubt exists as to present claimant's readiness and willingness to work during the hours designated by him, the basic issue then is whether the availability of claimant (whose availability was limited to specific hours when he was not in attendance at college classes) was so reduced that he in fact was no longer available for work. Freeman, Able to Work and Available for Work, 55 Yale L.J. 123. Of course, the burden of proof was on claimant

**2.** Sec. 288.040: "1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that . . . (2) He is able to work and is available for work; provided, however, that no person shall be deemed available for work unless he has been and is actively and earnestly seeking work."

to show he was eligible for unemployment benefits. Blackman v. Industrial Commission, Div. of Emp. Sec., 491 S.W.2d 18, 22[2] (Mo.App.1973).

We have been cited no Missouri cases dealing with the problem at hand and have found none through independent research. In other jurisdictions with statutes similar to § 288.040, subd. 1(2), full-time students "attending school have been markedly unsuccessful in their attempts to secure unemployment benefits. The courts usually hold that such claimants are not eligible for benefits because they are not available for work . . . ." Annotation, 35 A.L.R.3d 1129, 1154, § 7 (1971). A full-time student, it is said, has a heavy burden to overcome in obtaining unemployment benefits, as regular school attendance is evidence in itself of ineligibility [Callaghan v. Morgan, 9 Or.App. 116, 496 P.2d 55, 57[1] (1972)], although benefits cannot be denied merely on that basis alone. Minniti v. Employment Division, 523 P.2d 1060, 1062[2] (Or.App.1974). Also, to be available for work a claimant must be actually and currently attached to the labor market, but if he is a full-time student a "normally reasonable" rebuttable presumption arises that he is not available for work. Woodley v. Commonwealth Unemp. Comp. Bd. of Rev., 13 Pa.Cmwlth. 8, 317 A.2d 897, 898[1, 2] (1974). This comports with the general proposition that any claimant, student or non-student, may render himself unavailable for work by imposing conditions and restrictions on the hours and days he will be available for work. 81 C.J.S. Social Security and Public Welfare § 204, at p. 304.

Ineligible student-claimants are those who limit their availability for work to particular times, days or periods that do not interfere with their primary and principal objective of obtaining a formal education. The reason such students are considered ineligible is that by making themselves available for work only conditionally and on a limited basis at times that do not conflict with their classes and learning purposes, they have divorced themselves actually and currently from the general labor market. While the determination of student-claimants to secure an education is commendable, the standards of the employment security act must be applied consistent with its purpose of removing the economic disabilities and distress resulting from involuntary unemployment [§ 288.020; In re Platt, 130 Vt. 329, 292 A.2d 822, 824[2] (1972)], and not to subsidize the expense of educating those persons whose availability for work is secondary to schooling. For cases holding students attending colleges, technology institutions, elementary and secondary schools ineligible for unemployment benefits, see Annot., supra, 35 A.L.R.3d at pp. 1154–1158; Texas Employment Commission v. Hays, 360 S.W.2d 525 (Tex.1962); Keen v. Texas Unemployment Compensation Commission, 148 S.W.2d 211 (Tex.Civ. App.1941); Woodley v. Commonwealth Unemp. Comp. Bd. of Rev., supra, 317 A.2d 897; Callaghan v. Morgan, supra, 496 P.2d 55; Graham v. Commonwealth Unemp. Comp. Bd. of Rev., 14 Pa.Cmwlth. 445, 322 A.2d 807 (1974); De Mito v. Unemployment Compensation Bd. of Review, 193 Pa.Super. 201, 163 A.2d 688 (1960); Majoris v. Unemployment Compensation Bd. of Review, 192 Pa.Super. 269, 162 A.2d 86 (1960); Gulbin v. Unemployment Compensation Bd. of Review, 191 Pa.Super. 646, 159 A.2d 37 (1960); Collins v. Unemployment Compensation Bd. of Review, 191 Pa.Super. 273, 156 A.2d 593 (1959); Bates v. Unemployment Compensation Bd. of Review, 191 Pa.Super. 266, 156 A.2d 589 (1959).

Student-claimants ruled eligible for unemployment benefits are those who place their availability for work ahead of their pursuit for formal learning. By not limiting their availability for work to times when they are free from class attendance and by proving a sincere willingness to change class schedules or entirely abandon their educational pursuits if that be necessary to secure employment, such student-

claimants are said to be eligible for benefits because they are realistically and genuinely attached to the labor market. Patronas v. Unemployment Comp. Bd. of Review, 5 Pa. Cmwlth. 491, 291 A.2d 118 (1972); Wiley v. Unemployment Compensation Bd. of Review, 195 Pa.Super. 256, 171 A.2d 810 (1961).

 A willingness to merely be employed conditionally does not meet the test of availability and the determination of availability for work is largely a question of fact for the commission. Woodley v. Commonwealth Unemp. Comp. Bd. of Rev., supra, 317 A.2d at 898; Majoris v. Unemployment Compensation Bd. of Review, supra, 162 A.2d at 87. We review this case on appeal pursuant to Mo.Const. Art. V, § 22, to "determine whether the findings of the Commission are supported by competent and substantial evidence upon the whole record, and are authorized by law. We may not substitute our own judgment on the evidence for that of the Commission, but we are required to decide whether it could reasonably have made its findings and reached its result upon consideration of all the evidence before it, and we are authorized to set aside its decision if it is clearly contrary to the overwhelming weight of the evidence." Mid-Continent Aerial Sprayers v. Industrial Comm'n, 420 S.W.2d 354, 356[3] (Mo.App.1967). Even when two possible conclusions may be reached from the evidence, our inquiry is limited to deciding whether the Commission could have reasonably reached the conclusion it did. Blackman v. Industrial Commission, Div. of Emp. Sec., supra, 491 S.W.2d at 22.

 In this case the only testimony came from the claimant. He limited his availability for work to the "afternoon[s] and evenings, or a third shift," or, in other words, to times which did not conflict with full-time college attendance. Claimant expressed no desire, willingness or ability to adjust present class hours or completely forego his educational pursuits if that be

necessary and required to gain employment. The record stands mute as to the extent and existence vel non of any market for labor at the times claimant was willing to accept employment. Considering all of this, we cannot say the Commission unreasonably concluded that claimant's primary object was to be a full-time college student who was not available for work because he was not unconditionally, realistically and genuinely seeking attachment to the labor market.

The judgment is affirmed.

All concur.