Gary T. MORRIS, Petitioner-Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, Division of Employment Security, State of Missouri, Respondents-Appellees.

No. 39725.

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 24, 1978.

Stanley J. Eichner, Stuart R. Berkowitz, The Legal Aid Society of the City and County of St. Louis, St. Louis, for petitioner-appellant.

John F. Gillespie, Rick V. Morris, Div. of Employment Security, Jefferson City, Charles B. Fain, Labor & Industrial Relations Commission, Jefferson City, for respondents-appellees.

GUNN, Judge.

Appellant Gary Morris applied for and collected unemployment insurance benefits of $63 a week from August 31, 1975 through the week of April 24, 1976. A deputy for the Labor and Industrial Relations Commission subsequently determined that Morris had been ineligible for benefits from August 31, 1975 through January 24, 1976 and held that appellant had been overpaid in the amount of $1,359.95. This decision was affirmed by an appeals tribunal of the Labor and Industrial Relations Commission and again by the circuit court. We, too, affirm.

█ It is unquestioned that appellant was attending college for approximately twelve hours a week during the contested period. The referee found that appellant had been unemployed, but determined that ". . . until at least January, 1976, the claimant's primary goal was education, supplemented with a limited entry into the labor market."

Although the claimant was willing to accept employment during the hours that he attended school, this does not alter the fact that during the period in question he was a full-time student during the major part of what is considered normal working hours. The Referee finds that the claimant's attendance at a local university severely restricted his availability for work. In the Matter of the Claim of Gary Morris, # A–1464–76–S. (Appeals Tribunal, Div. Employment Security May 24, 1976).

The sole issue on appeal is whether the Labor and Industrial Commission erred in its determination that appellant, as a full time student, was not "available for work" within the meaning of the benefits eligibility requirements cited in § 288.040, RSMo Supp.1977. Our examination is limited by the strictures of § 288.210, RSMo 1969. We may not substitute our judgment for that of the Commission but must determine whether the results reached were supported by competent and substantial evidence after viewing the record as a whole and in the light most favorable to the Commission's

award. *Duffy v. Labor & Indus. Relations Com'n*, 556 S.W.2d 195 (Mo.App.1977); *Theus v. Industrial Commission of Missouri*, 554 S.W.2d 516 (Mo.App.1977).

In this case, the record consists solely of appellant's testimony. At the time of his application, he had completed two years of junior college and was beginning his third year at a local university. Appellant explained that he was searching for a full time job despite his progress in school and was willing to quit school if one became available. Although he admitted that he would have lost a substantial amount of tuition investment if he had received an offer late in the semester, appellant reiterated his desire to work. During the period in question, appellant stated that he was available to work full time; that he sought work on the average of 3 days a week; and that he did not reject any employment opportunities. Appellant ultimately quit school in January 1977 and began working several months later. He testified that his decision to leave college was not related to his present occupation.

■ The success of appellant's argument rests upon his analysis of *Golden v. Industrial Commission of Missouri*, 524 S.W.2d 34 (Mo.App.1975). A synopsis of that case is in order. At the time of unemployment, claimant Golden was a college student whose classes required his attendance from 7:30 a. m. to 12:20 p. m., Monday through Friday. From his entrance into college in September 1972 until his application to obtain unemployment benefits in February 1973, Golden had been employed in jobs which did not conflict with his classroom hours. Because of his need to limit availability for work, Golden was denied unemployment benefits. In the course of the opinion, the court made several broad statements upon which appellant now relies. Generally, the fact that a benefits claimant is a full time student raises a rebuttable presumption that he is not "available for work" and therefore ineligible. A full time student has a heavy burden to overcome when seeking unemployment compensation, though benefits should not be denied merely on the basis of student status.

Student-claimant's ruled eligible for unemployment benefits are those who place their availability for work ahead of their pursuit for formal learning. By not limiting their availability for work to times when they are free from class attendance and by proving a sincere willingness to change class schedules or entirely abandon their educational pursuits if that be necessary to secure employment, such student-claimants are said to be eligible for benefits because they are realistically and genuinely attached to the labor market. Id. at 37–38.

Appellant claims that the evidence establishes his availability for employment and his genuine attachment to the labor force. He complains that the Commission relied solely upon his status as a student when it determined his ineligibility for unemployment benefits.

■ The determination of availability for work presents a question of fact for the Commission. *Golden v. Industrial Commission of Missouri*, supra, at 38. As the trier of fact, the Commission may choose to believe or disbelieve all or none of any witness's testimony. *Tri-State Motor Tr. Co. v. Industrial Commission of Missouri*, 509 S.W.2d 217 (Mo.App.1974); *Rapp v. Industrial Commission of Missouri*, 360 S.W.2d 366 (Mo.App.1962). Under the circumstances, we cannot say that the Commission's finding was against the weight of the evidence. The burden of proof is upon appellant. The referee's decision was evidently based on Gary Morris's failure to prove that his primary purpose was employment and not education. While precedent in the area is scarce, we find support for this decision in the declaration of public policy which prefaces the Missouri Employment Security Law. § 288.020, RSMo 1969. The purpose of the law is to promote economic stability for Missouri citizens who have become unemployed through no fault of their own. *George F. Deutschmann, Inc. v. Leiser*, 546 S.W.2d 560 (Mo.App.1977); *Beal v. Industrial Commission*, 535 S.W.2d 450 (Mo.App. 1976). The legislation is aimed at benefit-

ing persons who are firmly entrenched in the labor market and not in subsidizing those whose primary goal is an advanced degree. Appellant declared his future intention to accept employment even if it conflicted with his class schedule. Although the testimony was uncontradicted, the administrative agency here, as trier of fact, has the right to disbelieve and reject a self serving statement and accept the inference that appellant's attendance in school would affect and restrict his availability for work. *Tri-State Motor Tr. Co. v. Industrial Commission of Missouri*, supra; *Fielder v. Production Credit Association*, 429 S.W.2d 307 (Mo.App.1968). And it is apparent from hearing referee's findings that he did not believe appellant's assertion of availability. We therefore affirm the decision of the Labor and Industrial Relations Commission.[1]

REINHARD, P. J., and CLEMENS, J., concur.

---

1. For a complete discussion on the subject of student claimants who have attempted to gain unemployment benefits, see Annot. 35 A.L.R.3d at 1154–1158 (1971).