Betty I. LAUDERDALE,
Plaintiff–Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, the Labor and Industrial Relations Commission of the State of Missouri and People's Liquor, Inc., Defendants–Respondents.

No. 40644.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 26, 1980.

Prudence L. Fink, Union, for plaintiff–appellant.

Terry C. Allen, Rich V. Morris, Div. of Employment Sec., Charles B. Fain, Labor & Indus. Relations Commission, Jefferson City, for defendants–respondents.

KELLY, Chief Judge.

This is an appeal from a judgment of the Circuit Court of Franklin County affirming the denial of unemployment compensation to a pregnant employee seeking benefits while on maternity leave of absence from her employment. We affirm.

Mrs. Betty I. Lauderdale, the appellant, was employed as a cashier and stock clerk by People's Liquor, Inc., for four years prior to 1975. During August, 1975, the fifth month of her pregnancy, she began experiencing swelling and discomfort in her feet and legs. She reported this to her physician who told her it would be best that she take maternity leave. She obtained a note from the physician on a prescription form on August 21, 1975, which read:

"Mrs. Lauderdale is presently under my care for pregnancy.

"Her delivery date is January 7th. I have advised her to stop work as of August 21st.

/s/ D. L. Baker."

She delivered the note to the manager of the store where she was employed and started her maternity leave that same day.

When she entered upon maternity leave Mrs. Lauderdale understood that she had an agreement with her employer that she could return to the same job after her child was born. She didn't quit and she was not fired or laid off. The reason she had to take maternity leave was because she could not perform her work because it required that she stand on her feet and she was having trouble with her feet and legs swelling; she also could not carry cases of cigarettes when they came in and put them behind the counter as her job required; and, she could not climb the step-ladder to reach up and get tobacco and pipes off the shelves as she was required to do on the job.

She testified that during the period for which she sought benefits she was physically able to do some light work, such as bookkeeping and filing. She had a note from Dr. Baker dated September 11, 1975, stating: "She has my permission to do light duty work not involving excessive walking," and she further testified she had been looking for work, contacting about two potential employers a week without obtaining any offers of employment. She did not contact more prospective employers because she could not have the car everyday. One day in October, 1975, she did some inventory work for People's Liquor, Inc., her employer. If she found another job she would, nonetheless, return to work for People's Liquor, Inc. as soon as her doctor released her after the birth of her child.

Ronald H. Smith, Director of Personnel for the employer, testified in response to a question concerning the employer's policy in regard to maternity leave, that the employees were members of the Retail Clerks Union 655, and according to their contract, a pregnant employee might work up until the time the employee's doctor said she must quit and the employee cannot return to work until she has written permission from her doctor to do so. The pregnant employ-

ee is guaranteed, upon her return, a position similar to the one she had before she took maternity leave, although it might not be in the same location.[1] According to Mr. Smith, the date on which Mrs. Lauderdale worked an inventory was Sunday, September 27, 1975.

Appellant filed her claim for unemployment compensation with the Division of Employment Security on August 28, 1975, one week after she went on maternity leave. On September 18, 1975, a Deputy of the Division of Employment Security determined that she was ineligible for benefits because she was on maternity leave of absence and was not considered available for work. Appellant filed a Notice of Appeal to the Appeals Tribunal on September 29, 1975, because she felt she was available for work, although she could not be on her feet for long periods of time, but could do book work, filing, etc. She also stated she was actively seeking work she could do.

The hearing on this appeal was held on November 5, 1975, and, on November 18, 1975, the Appeals Referee rendered a decision wherein he found that the claimant was granted a maternity leave of absence in accordance with her union's contract with her employer beginning August 21, 1975, which provided that she would return to work at her same or similar job when released by her doctor as able to work following the birth of her child; that because she was on a leave of absence she remained attached to her employer and therefore could not be considered available for work so long as those conditions existed; that, therefore, she was ineligible for benefits from August 24, 1975, through November 1, 1975, and for so long thereafter as those conditions continued to exist.

Thereafter, on November 18, 1975, appellant filed an Application for Review and on February 10, 1976, the Labor and Industrial Commission (hereinafter "the Commission") denied her application, thereby adopting as its own the decision of the Appeals Referee § 288.200 RSMo. 1969.

---

1. Although mentioned in evidence, the Collective Bargaining Agreement between the employer and the Retail Clerks' Union was not in evidence.

Appellant, pursuant to § 288.210 RSMo. 1969, filed her petition for judicial review of this decision of the Commission and on May 23, 1978, the Circuit Court of Franklin County affirmed the decision of the Commission but on different grounds than those upon which the Commission arrived at its decision. The Circuit Court disagreed with the finding of the Commission that appellant was not available for work because she was on a maternity leave of absence and therefore attached to her employer and said this was not a valid conclusion. It found that she was "ready, willing and able to accept certain types of employment;" and she quit her job because of her advanced stage of pregnancy which caused her to be unable to perform her work in the same manner as she did before her pregnancy, a voluntarily produced condition and therefore she was not entitled to unemployment compensation.

Appellant filed her Notice of Appeal from this judgment of the Circuit Court.

The scope of review in unemployment compensation claims is governed by Art. V, § 18 of the Constitution of Missouri and by § 288.210 RSMo. 1969.[2] The findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, are conclusive and it is our function to decide whether upon the whole record the Commission could have reasonably made its findings and reached its decision. Missouri courts have consistently interpreted § 288.210 to require on appeal that they defer to the Commission's determination of the question whether a claimant for unemployment compensation benefits is available for work. *Morris v. Labor and Industrial Relations Commission*, 573 S.W.2d 439, 440[1] (Mo.App.1978); *Golden v. Industrial Commission*, 524 S.W.2d 34, 38[12] (Mo.App.1975). With respect to the facts the evidence must be viewed in a light most favorable to the findings of the Commission, together with all favorable inferences therefrom. The findings of the Commission will not be disturbed unless clearly contrary to the great-

er weight of the evidence. *Duffy v. Labor and Industrial Relations Commission*, 556 S.W.2d 195, 197[2] (Mo.App.1977); *La Plante v. Industrial Commission*, 367 S.W.2d 24, 27[3] (Mo.App.1963).

The crucial test then is whether the finding of the Commission that appellant was ineligible to receive unemployment compensation benefits during the period of time she was on maternity leave of absence from her employment because she was not available for work is supported by competent and substantial evidence.

To be eligible for unemployment compensation benefits a claimant must be both able to work and also available for work, § 288.040; she must also possess a genuine attachment to the labor market and be able, willing and ready to accept suitable employment. *Producers Produce Co. v. Industrial Commission*, 291 S.W.2d 166, 177[12] (Mo.banc 1956); *Golden v. Industrial Commission*, 524 S.W.2d 34, 37[4] (Mo.App.1975).

"Leave of absence" is not defined in the statute; however, the courts of Missouri accept the definition as "a temporary absence from duty with intention to return, during which time remuneration is suspended." *State ex rel. McGaughey v. Grayston*, 163 S.W.2d 335, 341[17] (Mo.banc 1942). Courts from various other jurisdictions are in agreement that a leave of absence is not a complete separation from employment. There is a "continuity of the employment status" and the employee expects to return at the end of the leave period. *Trail v. Industrial Commission*, 540 S.W.2d 179, 182 (Mo.App.1976); *Lewis v. Unemployment Ins. Appeals Bd.*, 56 Cal.App.3d 729, 128 Cal.Rptr. 795, 801 (1976); *Chenault v. Otis Engineering Corp.*, 423 S.W.2d 377, 383[4] (Tex.App.1967).

The uncontradicted evidence is that appellant took maternity leave with the firm intent of returning to work for her employer, People's Liquor, Inc., and that the employer recognized this fact, and expected her to return after the birth of her child.

**2.** All statutory references are to RSMo. 1969.

■ To qualify for unemployment compensation benefits a claimant must be able to work *and* be available for work and is not deemed available for work unless she is actively and earnestly seeking work. § 288.050.1(2). To be "available" for work so as to be eligible for unemployment benefits, a claimant must be actually and currently attached to the labor market. *Golden v. Industrial Commission Div. of Employment Security*, supra, l.c. 37[4]. Furthermore, a claimant may render herself "unavailable" for work, and thus ineligible for unemployment benefits, by imposing conditions and restrictions on the work by reason of infirmities not directly attributable to the employment. A willingness to merely be employed conditionally does not meet the "availability" test of the statute. Id. l.c. 38[10].

■■ Determination of availability for work for purposes of unemployment compensation claims presents a question of fact for the Commission. *Morris v. Labor and Industrial Relations Com'n*, 573 S.W.2d 439, 441[3] (Mo.App.1978). The Commission, as the trier of facts, can believe or disbelieve none, all or part of any witness' testimony and draw inferences from facts dissimilar to those which a court on judicial review may have drawn. *Tri–State Motor Tr. Co. v. Industrial Com'n, D. of E. S.*, 509 S.W.2d 217, 220[2] (Mo.App.1974).

■ As we have stated hereinabove, to be "available" for work a person must clearly have a genuine attachment to the labor market, and must be able, ready and willing to accept suitable work. Her search for work must be active and earnest; it must be "zealous, ardent, sincere, hearty." *Rapp v. Industrial Commission*, 360 S.W.2d 366, 370[6] (Mo.App.1962).

■ By accepting a maternity leave of absence under the circumstances of this case and the evidence adduced we conclude that the Commission could find that the claimant was not genuinely attached to the labor market since by accepting the leave of absence she limited her availability for work because the very conditions limiting her availability for her regular employment also substantially limited her from performing suitable work for other employers, and her intention to return to her regular job, which her employer admittedly was holding for her, after the birth of her child limited her employment opportunities.

We hold that the Commission's findings that claimant was ineligible for unemployment compensation benefits because she was not available for work between August 24, 1975 and November 1, 1975, was supported by competent and substantial evidence.

■ We have serious reservations concerning the basis upon which the Circuit Court affirmed the order of the Commission, i. e. that claimant's separation from her employment was voluntary because pregnancy is a voluntary condition. However, we need not resolve that issue in light of our holding that the Commission's findings should be affirmed on other grounds. A correct decision by the Circuit Court will not be disturbed because the court gave wrong or insufficient reason therefor. *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318[12] (Mo.banc 1964); see also cases cited in West's Missouri Digest, Vol. 3, Appeal and Error, Key No. 854(2).

■ Review in this court is on the issues raised by the petition for review and presented to the Circuit Court. Additional issues not so raised will not be considered here. *Armco Steel Corp. v. Labor & Indus. Rel. Com'n*, 553 S.W.2d 506, 508[3] (Mo.App. 1977); *Bridges v. State Board of Registration for the Healing Arts*, 419 S.W.2d 278, 280[1] (Mo.App.1967).

The process of appeal from a denial of unemployment compensation benefits is controlled by §§ 288.200 through 288.210, and in each instance the notice of appeal is required to specify the grounds upon which it is claimed the decision is in error. Section 288.200 requires that the appellant from a decision of the appeals tribunal state, in the application for review, "specifically and in detail the grounds upon which it is claimed the decision is erroneous."

Section 288.210 states that the petition for judicial review of a decision of the Commission "shall state the grounds upon which a review is sought." [3]

Appellant, whose duty it is to furnish this court with a complete transcript so that we may review the alleged error, has not favored us with a copy of the petition for judicial review filed in the Circuit Court. Rule 81.12(a), (b) and 81.14(a), *City of St. Clair v. Cash*, 579 S.W.2d 763, 764[3] (Mo. App.1979).[4] We have gratuitously reviewed the judgment, however, on the grounds raised in the application for review to the Industrial Commission based upon the grounds upon which its decision is rested.

·In her brief filed in this court appellant raises two contentions we do not reach because of their absence from the transcript of her petition for review of the decision of the Commission and which are not found in her notice of appeal to the Appellate Tribunal nor the Commission.

The judgment of the Circuit Court affirming the decision of the Commission is affirmed.

SMITH and STEWART, JJ., concur.

---

3. The notice of appeal to the Appeals Tribunal stated that appellant appealed because "I feel I am available for work. I can't be on my feet for a long period of time, but I can do book work, filing, etc. I am actively seeking work I can do."

Her application for review addressed to the Commission requested reversal of the decision of the Appellate Tribunal because: "They claim I am ineligible for work on account of being on maternity leave of absence but the new maternity law which took effect September 28, 1975, should make me eligible. I feel the referee's decision is wrong as my doctor says I can work as long as I am not doing heavy lifting nor on my feet all day. I can do book work or office work. I would say I got a fair hearing but not a fair decision."

4. The Rules cited herein are those in effect when the appellant filed her petition for review as gleaned from the minutes contained in the transcript.