Charles L. FERRY, Appellant,

v.

No. WD 33467.

Missouri Court of Appeals, Western District.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1983.

Donald O. Tripp, Liberty, for appellant.

Sharon A. Willis, Kansas City, for Employment Sec.

William F. Ringer, Jefferson City, for Labor & Indus. Relations.

Tom B. Kretsinger, Jr., Liberty, for Charles W. Ferry.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

SHANGLER, Presiding Judge.

The claimant Ferry made claim for unemployment compensation benefits against the father employer on the ground that he had been separated from employment by discharge. The deputy found that the claimant was not available for work, and so ineligible for benefits under § 288.040.1(2),

RSMo 1978. The deputy found also that the claimant unreasonably restricted his availability for work, and so was otherwise disqualified from benefits under § 288.050.-1(1). The appeals tribunal found the claimant was both ineligible and disqualified under the statutes. The Industrial Commission denied review, and the circuit court thereafter affirmed the decision of the appeals tribunal.

The claimant son worked for the employer father as a janitor for some two years. He worked as was needed, sometimes during the day and sometimes during the night. He worked from four to six hours at night, and the employer wished for him to work more hours, the night shift and some during the day, as needed. The employer told the claimant that if he did not want to work when needed to "turn in his keys." The claimant turned in his keys and did no more work for the employer father. The claimant testified, and explained, that he wanted to work during nights because his wife worked during the day and he took care of the children then. The claimant consented to work during the day, but only for $6.00 per hour—the pay of a window-washer, rather than for the $4.00 per hour paid a janitor.

The appeals tribunal affirmed the determinations by the deputy that the claimant was ineligible for benefits and otherwise disqualified for the unemployment compensation. The eligibility statute [§ 288.040.1] provides:

"A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that

\*     \*     \*     \*     \*     \*

"(2) He is able to work and is available for work . . . ."

The deputy found, and the appeals tribunal found anew, that

the claimant has restricted his availability for work to evening hours and then only to work paying $4 per hour. He did consent to work during the day only if there was work paying $6 per hour. The claimant's restriction of the time he was willing to work and the amount of wages

at which he would accept work is unreasonable and he has eliminated himself from a number of jobs in the job market. It is found therefore that . . . the claimant was not available for work.

This determination rests on evidence that the claimant unreasonably limited his job search for a daytime employment at $6 per hour—the rate paid to window-washers—although his only work experience was as a janitor and general laborer—which work was available to him, but refused. It rests on evidence also that he had done janitor work for the father during the daytime hours at the usual rate of pay, but rejected that option for domestic convenience.

■  The determination of noneligibility under the statute rests on competent and substantial evidence and is sustained. The claimant bears the burden to prove eligibility. *Nelson v. Labor and Industrial Relations Commission,* 594 S.W.2d 356, 358[1, 2] (Mo.App.1980). The determination of whether a claimant is available for work within the sense of § 288.040 is one of fact for the agency. *Morris v. Labor and Industrial Relations Commission,* 573 S.W.2d 439, 441[3–7] (Mo.App.1978). A claimant may render himself *unavailable* for work under the statute, and thus ineligible for unemployment benefits, by imposition of unreasonable restrictions on his accessibility. *Golden v. Industrial Commission, et al.,* 524 S.W.2d 34, 37[7, 8] (Mo.App.1975). That merely gives effect to the encompassed purpose of the Employment Security Law: to allay the economic insecurity which results from the failure of industry to provide employment—and not to benefit those who refuse the opportunity of the labor market. *Brown v. Labor and Industrial Relations Commission,* 577 S.W.2d 90, 93[2, 3] (Mo.App.1979).

■  The appeals tribunal determined also that the claimant was otherwise *disqualified* from benefits under § 288.050 on the ground that [subsection 1(1)] claimant "left his work voluntarily and without good cause attributable to his work or to his employer." The claimant contends he did not leave voluntarily, but was discharged [a contested issue implicity determined against that contention] and, in any event, the dis-

qualification does not appertain because the claimant was available for *suitable work,*[1] if not for the work tendered. That ground for denial of benefits was supererogatory. The *eligibility* of a claimant is precedent to qualification and, only if found, gives occasion to deny benefits for a disqualification. If there is no eligibility, no benefit can issue no matter how otherwise the claimant may "qualify." Thus, in response to the claimant, that there may have been no substantial evidence of disqualification [an assumption only] does not entitle a claimant, who was never eligible, to benefits. *Golden v. Industrial Commission, Division of Employment Security,* 524 S.W.2d 34, 36 (Mo.App. 1975); *Bryant v. Labor & Industrial Relations Commission,* 608 S.W.2d 524, 529[6, 7] (Mo.App.1980).

The judgment is affirmed.

All concur.

---

1. The argument refers, we assume, to § 288.-050.1(3) which *disqualifies* a claimant for benefits who fails "without good cause either to apply for *available suitable work* when so directed by the deputy, or to accept *suitable work* when offered him, either through the division or directly by an employer by whom the individual was *formerly* employed . . . ." [emphasis added]. Of course, there was no issue as to whether the work tendered and refused was *suitable*—it was the same work the claimant performed throughout the two years of employment. The issue was whether claimant made himself unavailable for that employment by the restrictive conditions he imposed, and so became *unavailable* and *ineligible* under § 288.-040.