**James GEE, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Division of Employment Security, Respondents.**

**No. WD 35448.**

Missouri Court of Appeals,
Western District.

May 15, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied July 3, 1984.

Application to Transfer Denied Sept. 11, 1984.

Steven L. Hobson, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Alan J. Downs, Jefferson City, for respondents.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

TURNAGE, Chief Judge.

James Gee appeals the denial of his application for unemployment benefits. He contends the appeals tribunal was not authorized to dismiss his appeal. The denial of benefits was affirmed by the Labor and Industrial Relations Commission and the circuit court. Affirmed.

Gee filed an application for benefits in September of 1982. A deputy in the Division of Employment Security denied the claim on a finding that Gee was attending the Missouri Institute of Technology from 7:00 a.m. to 12:00 noon, five days per week. The deputy found that Gee was looking for full-time evening work only and that this placed an undue restriction on his availability for work.

Gee filed an appeal to the appeals tribunal of the division. Notice was given to Gee that a hearing on his appeal would be held at 2:00 p.m. on April 20, 1983. Gee failed to appear for this hearing and the appeals tribunal dismissed the appeal and ordered that the deputy's determination become final.

Gee filed an application to review this decision before the Labor and Industrial Relations Commission, and in his application stated that he did not appear for the hearing before the appeals tribunal because he was following the deputy's instruction that he go out and make an extensive work search. The Commission denied the application for review. The denial by the Commission of the application for review means that the decision of the appeals tribunal is deemed to be the decision of the Commission. Section 288.200.1,

RSMo 1978. *Donley v. Industrial Commission*, 624 S.W.2d 843, 844, note 2 (Mo. banc 1981).

Gee contends that the appeals tribunal is not authorized to dismiss his appeal because § 288.190.3, RSMo Supp.1982, provides that unless an appeal is withdrawn, an appeals tribunal shall, after affording the parties reasonable opportunity for a fair hearing, affirm, modify, or reverse the determination of the deputy, or shall remand the matter to the deputy with directions. Gee contends that since neither this section nor any other section grants authority for the appeals tribunal to dismiss an appeal, the tribunal had no authority to dismiss his appeal. In *Steen v. City of Los Angeles*, 31 Cal.2d 542, 190 P.2d 937, 940[4, 5] (1948), the court drew an analogy between delay in a hearing by an administrative body and laxity in prosecuting a civil action. The court noted that courts have inherent power independent of statutory provisions to dismiss an action where it is not diligently prosecuted. The court stated:

> The policy to expedite justice underlying the rule, exists where the proceeding is before a local administrative agency exercising quasi-judicial functions such as the board in the instant case. By analogy a proceeding before such a board should be dismissed where an unreasonable time has elapsed—where the proceeding is not diligently prosecuted.

This same reasoning was applied in *Myers v. Moreno*, 564 S.W.2d 83, 85[1–3] (Mo.App.1978). The court cited *Bindley v. Metropolitan Life Insurance Company*, 335 S.W.2d 64, 69[1] (Mo.1960), for the proposition that a court has the inherent right and power independent of statute or rule to dismiss an action for failure to prosecute. In *Myers* the court stated:

> In the absence of any express limitation in statute or regulation, an administrative body acting in a judicial capacity must be presumed to have the same power.

■ Under the reasoning in *Steen* and *Myers* this court concludes that an adminis-

trative body exercising quasi-judicial power, as the appeals tribunal was in this case, has the power to dismiss an appeal for failure to prosecute after due notice is given unless prohibited by statute. No statute prohibits the appeals tribunal from dismissing an appeal, thus, the tribunal acted properly in dismissing Gee's appeal on his failure to appear after receiving notice of the date and time of the hearing.

■ The Division of Employment Security has adopted a regulation, 8 CSR 10–5.040 which provides among other provisions:

> In any case wherein the appellant, having been duly notified of the date, time and place of the hearing, shall fail without good cause to appear at such hearing, an appeals tribunal may enter an order reciting such fact and dismissing the appeal.

Gee contends this regulation is contrary to § 288.190.3, because it goes beyond the statutory provision authorizing affirmance, modification, reversal or remand. As noted above, the tribunal is authorized to dismiss an appeal after due notice for failure to prosecute unless prohibited by statute. Thus, the fact that no statute authorizes the dismissal of an appeal is not determinative.

■ Since the tribunal was authorized to dismiss the appeal on Gee's failure to appear after due notice, the Commission acted properly in denying the application for review.

Aside from the procedural question of the power of the tribunal to dismiss the appeal, Gee contends there is no evidence to support a denial of benefits. In *Golden v. Industrial Commission, Division of Employment Security*, 524 S.W.2d 34, 37[3–6] (Mo.App.1975), where the claimant attended classes from 7:30 a.m. to 12:20 p.m. Monday through Friday, the court noted that a full-time student has a heavy burden to overcome in obtaining unemployment benefits. The court also noted that a claimant for benefits must be actually and currently attached to the labor market, and that there is a "normally reasonable" re-

buttable presumption that a full-time student is not available for work. The court further noted that the burden of proof is on the claimant to show that he is eligible for unemployment benefits. *Id.* at 36[1, 2]. The court also noted that students are considered ineligible because they make themselves available for work only conditionally and on a limited basis at times that do not conflict with their classes. *Id.* at 37[7, 8].

■ The facts found by the deputy show that Gee was ineligible for benefits because he had separated himself from the general labor market because of his school attendance. Thus, the deputy's determination denying benefits was authorized by law.

The dismissal of Gee's appeal by the appeals tribunal and the denial by the Commission of Gee's application for review were authorized by law.

The judgment is affirmed.

All concur.