In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

KATHLEEN M. VAUGHN, ) No. ED109383
 )
 Appellant, ) Appeal from the Labor and Industrial
 ) Relations Commission
v. )
 )
MISSOURI CVS PHARMACY, LLC, )
 )
and )
 )
DIVISION OF EMPLOYMENT )
SECURITY, )
 Respondents. ) Filed: November 9, 2021

 Introduction

 Kathleen M. Vaughn appeals the Labor and Industrial Relations Commission’s de-

cision denying her claim for unemployment benefits. The Commission found Vaughn in-

eligible for benefits because she made herself unavailable for work. Because Vaughn re-

quested not to be scheduled by one of her two employers, the Commission’s decision is

supported by competent and substantial evidence. The decision is affirmed.

 Factual and Procedural Background

 In early 2020, Vaughn held two part-time jobs. Vaughn worked part time at

Lesher’s Flowers Inc., and at CVS Pharmacy LLC. Vaughn usually worked at Lesher’s

three days a week and at CVS for approximately eight to ten hours each week. Vaughn
testified during her hearing before the Division of Employment Security Appeals Tribunal

that she was not a regularly scheduled CVS employee. Instead, she had an arrangement

with her supervisor at CVS that allowed her to come in and work whenever she was avail-

able to do so.

 During the week of March 22, 2020, Lesher’s laid Vaughn off, citing a lack of

work. Lesher’s also recommended that Vaughn file for unemployment benefits because

there was no certainty that they would be able to bring her back. The week that she was

laid off, Vaughn worked five days at CVS, totaling over 35 hours. Vaughn testified that

she was able to work extra hours at CVS and could come in to work when she was availa-

ble.

 The following week, Vaughn told her supervisor at CVS that she did not wish to be

scheduled for work due to her concerns stemming from the newly developing COVID-19

pandemic. Vaughn told her supervisor that she would let him know when she was willing

to return to work. CVS honored Vaughn’s request until she informed her supervisor that

she was willing to return to work in the middle of June.

 During the week of May 17, 2020, Vaughn began working with Lesher’s one to

two days per week on an “as needed” basis. Vaughn returned to her regular schedule at

CVS during the week of June 22, 2020. Vaughn resumed her normal work schedule at

Lesher’s during the week of July 5, 2020.

 Vaughn sought unemployment benefits from March 22, 2020 to July 4, 2020. On

June 3, 2020, the deputy denied Vaughn’s claim for benefits, finding that she was not avail-

able for work. On June 24, 2020, Vaughn filed a notice of appeal before the Division of

 2
Employment Security Appeals Tribunal. On October 6, 2020, the Appeals Tribunal modi-

fied the deputy’s determination, finding that Vaughn was ineligible for benefits from

March 22, 2020 to June 20, 2020, but eligible from June 21, 2020, to July 4, 2020, when

she made herself available for work at CVS. On November 3, 2020, Vaughn filed an appeal

regarding the decision denying unemployment benefits from March 22, 2020, to June 20,

2020. On December 4, 2020, the Commission affirmed the decision of the Appeals Tribu-

nal and adopted the decision as its own. This appeal followed.

 Standard of Review

 This Court reviews the denial of unemployment benefits under Section 288.210

RSMo, 1 which states “Upon appeal no additional evidence shall be heard. The findings of

the Commission as to the facts, if supported by competent and substantial evidence and in

the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall

be confined to questions of law.” “The Commission’s decision should not be overturned

unless it is contrary to the overwhelming weight of the evidence.” Kraemer v. Quality

Heating & Air Conditioning, Inc., 329 S.W.3d 761, 762 (Mo. App. E.D. 2011) (citing

Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 223 (Mo. banc 2003)). “We will

affirm the Commission’s decision if we find, upon review of the whole record, that there

is sufficient competent and substantial evidence to support the Commission’s decision.”

Smith v. Greyhound Bus Co., 477 S.W.3d 55, 59 (Mo. App. E.D. 2015) (citing Hampton,

121 S.W.3d at 223).

 Discussion

1
 All statutory citations are to RSMo (2016) except where noted.

 3
 Vaughn raises two points on appeal. 2 In point one, Vaughn asserts that the Com-

mission’s finding that she was unavailable for work is not supported by the factual record.

Vaughn’s first point also argues that the Commission misapplied the law. In point two,

Vaughn asserts that the Commission failed to consider her reduction in wages from

Lesher’s in finding her ineligible to receive unemployment benefits.

 Point I

 In her first point, Vaughn asserts that the Commission’s finding that Vaughn was

unavailable for work is erroneous both because it is not supported by the factual record and

because the Commission misapplied the law. This point is impermissibly multifarious.

Challenges based on the absence of substantial evidence, the weight of the evidence, and

the misapplication of law are distinct claims that must appear in separate points relied on

to be preserved for appellate review. Ivie v. Smith, 439 S.W.3d 189, 199 n.11 (Mo. banc

2014). “Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve

nothing for review.” Griffitts v. Old Republic Ins. Co., 550 S.W.3d 474, 478 n.6 (Mo. banc

2018) (quoting Kirk v. State, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017). This Court will,

however, exercise its discretion to review Vaughn’s first point.

 The Commission’s finding is supported by competent and substantial evidence.

 Vaughn’s first point argues that the factual record is insufficient to support the

Commission’s determination that she was unavailable for work. Section 288.040.1(2),

RSMo Supp. 2020, provides that a worker shall be eligible for benefits if the Commission

finds “the claimant is able to work and is available to work. No person shall be deemed

2
 Vaughn has not argued that any provision of the Coronavirus Aid, Relief, and Economic Security (CARES)
Act applies to her claim for unemployment benefits. Having not been presented with these arguments, this
Court makes no determination whether any CARES Act provision applies.

 4
available for work unless such person has been and is actively and earnestly seeking work.”

The claimant has the burden to prove their availability for work at the time they requested

unemployment benefits. Wester v. Mo. Dept. of Labor & Indus. Rel., 134 S.W.3d 757, 760

(Mo. App. S.D. 2004). To be available for work, the claimant must “clearly possess a gen-

uine attachment to the labor market and be able, willing, and ready to accept suitable work.”

Mo. Div. of Emp’t Sec. v. Labor & Indus. Rel. Comm’n of Mo., 651 S.W.2d 145, 151 (Mo.

banc 1983) (quoting Producers Produce Co. v. Indus. Comm’n, 291 S.W.2d 166, 177 (Mo.

banc 1956).

 Claimants may render themselves unavailable for work and ineligible for unem-

ployment benefits by imposing unreasonable conditions and restrictions on their accessi-

bility, such as the hours and days they will be available for work. Golden v. Indus. Comm’n,

Div. of Emp’t Sec., 524 S.W.2d 34, 37 (Mo. App. S.D. 1975); RPCS, Inc. v. Waters, 190

S.W.3d 580 (Mo. App. S.D. 2006). “A willingness to merely be employed conditionally

does not meet the test of availability.” Golden, 524 S.W.2d at 38. When an employee im-

poses limitations on the hours and days the employee is willing to work, “they have di-

vorced themselves actually and currently from the general labor market.” Id. at 37. “[T]he

determination of availability for work is largely a question of fact for the commission.”

RPCS, Inc., 190 S.W.3d at 588.

 The Commission determined that Vaughn was not available to work because she

asked CVS not to schedule her from March 29, 2020 through June 20, 2020. The Commis-

sion concluded that, though hours were available for Vaugh to work, she chose not to work

them. Competent and substantial evidence in the record supports the Commission’s find-

ing.

 5
 Vaughn testified during her hearing with the Appeals Tribunal that Lesher’s laid

her off due to a lack of work. Lesher’s told Vaughn that it did not know if or when it would

have enough work to bring her back. Vaughn’s relationship with the manager at CVS pro-

vided Vaughn flexibility to determine her own schedule. Vaughn testified that she could

work any time she wanted, which she did the week following her layoff by working over

35 hours at CVS.

 Despite the apparent availability of nearly full-time employment at CVS, Vaughn

asked her manager to keep her off the schedule due to her concerns about the burgeoning

pandemic. According to Vaughn, her manager agreed, saying “he wouldn’t put [her] on the

schedule for a while and just let him know when [she] was available.” Vaughn testified

that she did not return to work at CVS until the middle of June when she felt much safer.

It was entirely Vaughn’s choice to remain off work at CVS.

 Vaughn presented no evidence expressing any desire or willingness to work at CVS

or any other employer during this time, with the exception of Lesher’s. By making herself

unavailable for work at CVS, Vaughn’s accessibility was so reduced that it was reasonable

for the Commission to infer that she was unavailable for work for any employer. By making

herself available only for limited purposes and at limited times, Vaughn was not “uncon-

ditionally, realistically and genuinely seeking attachment to the labor market.” Golden, 524

S.W.2d 34 at 38. Vaughn divorced herself from the labor market and was unavailable to

work. Thus, competent and substantial evidence supports the Commission’s finding that

Vaughn was not available for work and ineligible to receive benefits. § 288.040.1(2).

 The Commission correctly applied the law.

 6
 The second argument contained in Vaughn’s first point is that the Commission mis-

applied the law by failing to consider the public policy of § 288.020, which states unem-

ployment reserves are set aside for the benefit of persons unemployed through no fault of

their own. Section 288.020.2 provides the law “shall be liberally construed to accomplish

its purpose.” In application, “disqualifying provisions of the law are to be strictly construed

against the disallowance of benefits . . . .” Mo. Div. of Emp’t Sec., 651 S.W.2d 145 at 148.

Vaughn contends that the Commission erred in applying the law because public policy

requires a liberal construction of the unemployment laws, which required an award of un-

employment benefits in her favor.

 In effect, Vaughn contends that the Commission erred in determining she volun-

tarily left her position with CVS. Instead, Vaughn argues that her concerns about the pos-

sible consequences of working during the ongoing COVID-19 pandemic were justified.

Vaughn suggests that a liberal interpretation of the unemployment statutes required an

award in her favor. However, Vaughn provides this Court with no provision of the law that

renders her available for work even under the most liberal interpretation.

 Vaughn references Moore v. Swisher Mower & Machine Co., Inc., 49 S.W.3d 731

(Mo. App. E.D. 2001), in which this Court determined that an employee did not voluntarily

leave his position when he missed work after being arrested on suspicion of assault. Moore

involved the interpretation of § 228.050 and the question of whether the employee volun-

tarily terminated his position or engaged in misconduct justifying a reduction in his overall

benefits.

 7
 Unlike in Moore, the Commission’s decision here did not involve whether Vaughn

voluntarily left her employment with CVS or whether she committed workplace miscon-

duct justifying a reduction in benefits. Rather, the Commission determined that Vaughn

did not meet the basic eligibility requirements for the receipt of benefits under § 288.040.

The Commission found Vaughn was ineligible for benefits because she rendered herself

unavailable for work by limiting the times she would work and the purposes for which she

would work.

 Nevertheless, Vaughn claims that she should be entitled to unemployment benefits

because her absence from work at CVS was through no fault of her own, attributing her

absence to concerns regarding a pandemic that was beyond her control. Vaughn suggests

that her status as a cancer survivor, and the general stress and anxiety attendant to working

in a pharmacy during a pandemic, justified her decision to take time away from work and

should not disqualify her from benefits.

 Though this Court is sympathetic to the circumstances, no reading of § 288.040.1(2)

renders Vaughn eligible for unemployment benefits. That section requires that Vaughn be

able and available to work as a condition precedent to the receipt of benefits. Vaughn tes-

tified that she would not work at CVS due to her fear of the pandemic. Though her fear

may have been reasonable, Vaughn was still unavailable to work when she voluntarily

removed herself from the general labor market. The Commission did not misapply the law

when it determined that Vaughn was not available to work.

 Vaughn’s Point I is denied.

 Point II

 8
 Vaughn’s second point is also in violation of Rule 84.04. Her point relied on is

multifarious and fails to follow the form required by Rule 84.04(d)(2). The argument sec-

tion spans approximately a page and a half, consists of two block quotes, and lacks any

citation to the record in support of factual assertions as required by Rule 84.04(e). Appel-

lant’s Point II has preserved nothing for review. This Court will, however, again exercise

its discretion to address the new argument contained in Point II.

 In Point II, Vaughn asserts that the Commission failed to consider that, even if she

voluntarily left CVS, she still had sharply reduced wages from Lesher’s and should have

been eligible for benefits. Vaughn’s argument, however, fails to appreciate the rationale

behind the Commission’s decision. The Commission did not find Vaughn ineligible be-

cause she voluntarily left CVS. Rather, the Commission found that Vaughn was ineligible

because her actions demonstrated that she was unavailable for work and had removed her-

self from the general labor market. By requesting to be left off of the schedule, Vaughn

“limited her availability for work because the very conditions limiting her availability for

her regular employment also substantially limited her from performing suitable work for

other employers . . . .” Lauderdale v. Div. of Emp’t Sec., 605 S.W.2d 174, 178 (Mo. App.

E.D. 1980). The Commission correctly applied the law when it determined that Vaughn

was ineligible for benefits regardless of whether she suffered a sharp reduction in wages or

lost all wages.

 Through her own testimony, Vaughn failed to meet her burden proving entitlement

to unemployment benefits. Viewing the record as a whole, there is sufficient competent

 9
and substantial evidence to support the Commission’s decision that Vaughn was not avail-

able for work from March 22, 2020 to June 20, 2020. The Commission correctly applied

the law, and did not err in denying Vaughn’s claim for benefits.

 Conclusion

 For the foregoing reasons, the decision of the Commission is affirmed.

 John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.

 10