**Wilma THURMAN, Plaintiff-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION,
Defendant-Respondent.**

No. 49709.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 18, 1986.

Frances Dianne Taylor, St. Louis, for plaintiff-appellant.

Rick V. Morris, Timothy P. Duggan, Jefferson City, for defendant-respondent.

SATZ, Judge.

The Labor and Industrial Relations Commission (Commission) decided claimant, Wilma Thurman, was disqualified from receiving unemployment benefits. The Circuit Court affirmed this decision. Claimant appeals. We affirm.

We review the decision of the Commission, not the judgment of the Circuit Court. *See, e.g., Laclede Gas Co. v. Labor and Industrial Relations Commission*, 657 S.W.2d 644, 648 (Mo.App.1983). We defer to the Commission's resolution of credibility, and we consider only those facts and inferences favorable to and consistent with the Commission's decision. *See, e.g., LaPlante v. Industrial Commission*, 367 S.W.2d 24, 27 (Mo.App.1963). Our review is limited to determining whether the Commission could reasonably have made its findings and reached its result, and we will not set aside the Commission's decision unless it is clearly against the weight of the evidence. *Id.* at 27. Under these guidelines, we review the present record.

Claimant would be disqualified from receiving unemployment benefits if she "left [her] work voluntarily without good cause attributable to [her] work or to [her] employer;...." Sec. 288.050.1(1), RSMo Supp.1984. Claimant appeared pro se both before the Deputy and before the administrative Appeals Referee. Claimant and her employer's general manager were the only

witnesses who testified before the Referee. The testimonial record is not a model of clarity nor precision. However, it does support the following pertinent findings of fact made by the Referee:

The claimant worked as a radio announcer for the employer for approximately five months. She last worked on Sundays from 3 a.m. until 6:30 a.m. Her last day of work was December 25, 1983. The claimant was having problems with her husband. He had abused her and threatened her. The claimant's husband was also employed by the employer. He had access to the radio station. He could come in at any time.

On December 28, 1983, the claimant petitioned the Court for a "Full Order of Protection." The Order did not cover the workplace.

On January 5, 1984, the claimant resigned her job because she was afraid of her husband. The employer's general manager was not aware of the situation until the claimant resigned on January 5, 1984.

The Commission adopted these findings and concluded claimant voluntarily left her employment "because she was afraid of her husband...." She may have had "a good personal reason for leaving her work," the Commission further concluded, but this "reason for leaving was not attributable to her work or to her employer." Therefore, the Commission denied her claim.

On appeal, claimant contends her husband was a fellow employee who harassed her on the job. Her employer, she contends, would take no action to protect her from this danger posed by a fellow employee and this refusal forced her to quit work. Therefore, she argues, her resignation was not voluntary, and it was for good cause attributable to her work or to her employer.

An unarticulated premise underpins claimant's argument. Claimant assumes her employer had the duty to prevent her fellow-employee, her husband, from harassing her at work. We need not address this assumption. For our purposes here, we shall assume claimant's employer had that duty and the legal devices to fulfill it. Claimant would still not prevail. As found by the Commission, "[t]he employer's general manager was not aware of the situation until the claimant resigned on January 5, 1984." Thus, claimant's resignation was an accomplished fact before her employer had notice and, in turn, the opportunity to prevent future harassment. Quite simply, on the present record, claimant was not forced to quit. She decided to and did quit on her own volition before her employer could do anything, if, indeed, he was required to do anything. Therefore, claimant quit voluntarily without good cause attributable to her work or to her employer.

■ We do not reach the question whether her decision was for personal reasons as the Commission did. On appeal, our primary concern is the correctness of the result—not the route taken to reach it. See, e.g., Lauderdale v. Division of Employment Security, 605 S.W.2d 174, 178 (Mo.App.1980).

Judgment affirmed.

CRIST, P.J., and KAROHL, J., concur.