**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Respondent,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, and Andrew C. Edgren, Appellants.**

**No. 42699.**

Missouri Court of Appeals, Eastern District, Division Three.

May 5, 1981.

Kevin M. Hare, Catherine J. Barrie, Jefferson City, for appellants.

Rick V. Morris, Larry R. Ruhmann, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Just two days after he began work as a parcel delivery man, claimant Andrew Edgren quit and applied for unemployment compensation.

This appeal from the circuit court's denial of Edgren's claim is brought by Edgren and the Labor and Industrial Relations Commission (hereafter the "commission") which had allowed the claim. Respondent is the

Missouri Division of Employment Security (hereafter the "division") which sought and got the circuit court's reversal of Edgren's claim. We affirm.

Appellant Edgren had prevailed at only one stage of his claim. First, it was denied by the commission's deputy on the ground he had quit his job without good cause. On Edgren's appeal to the commission's appeals tribunal, the referee denied his claim after an evidentiary hearing. Edgren then appealed to the commission which considered the evidentiary hearing held by its referee, reversed the referee's decision, and allowed Edgren's claim. The division then appealed to the circuit court, which reversed the commission's award.

Edgren and the commission appeal, contending the circuit court erred in reversing the commission's award because, they contend, the evidence showed Edgren quit because he was physically unable to meet the demands of his work.

The respondent division contends the circuit court correctly reversed Edgren's award because the commission's finding Edgren had quit for good cause attributable to his work was not supported by the evidence and was incorrect as a matter of law.

We summarize claimant Edgren's testimony before the commission's referee. His work began with a scheduled three-day training period on a parcel delivery truck, driven by a supervisor. There was only one seat in the truck so Edgren stood except when walking to make deliveries. For the first two training days he worked ten to twelve hours and became so tired he could hardly walk. He quit because he "found the hours too long" and he just "wasn't prepared to handle it". Edgren acknowledged that if he had stayed on the job and drove the truck himself after the training period's one remaining day he would have become physically conditioned to handle it.

■ The determinative issue is whether employee Edgren voluntarily left his job for good cause attributable to his work within the meaning of Sect. 288.050, RSMo. 1978. The scope of review is dictated by Mo.

Const. Art. V, Sect. 18, and Sect. 288.210, RSMo. 1978. We consider the evidence in the light most favorable to the commission, together with all reasonable inferences which could be drawn therefrom to support its finding. *Nelson v. Labor & Industrial Relations Com'n*, 594 S.W.2d 356 [4, 5] (Mo. App.1980).

But in our review we are constrained to deny benefits to a claimant who leaves work "voluntarily without good cause attributable to his work". Section 288.050, RSMo. 1978. "Good cause for voluntary unemployment is limited to instances where unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment." *Citizen's Bank of Shelbyville v. Industrial Com'n*, 428 S.W.2d 895 [8, 9] (Mo.App.1968).

 We may reverse the circuit court's judgment setting aside the commission's award only if the commission's decision is clearly contrary to the weight of the evidence. *Union-May-Stern v. Industrial Commission*, 273 S.W.2d 766 [1] (Mo.App. 1962).

Claimant's reason for quitting was somewhat contradictory. As said, he testified his hours were so long he just couldn't handle his work for the third day. Still, he acknowledged that if he had completed that third training day and began driving the truck himself he could then become able to handle the work.

 The key issue here is whether claimant quit his job with good cause. Good cause is a question of law, and claimant had the burden of showing he had good cause for quitting. See *Citizen's Bank of Shelbyville*, 428 S.W.2d 895 [1–3] (Mo.App.1968), where we held at l. c. 899: "Good cause for voluntary unemployment is limited to instances where the unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment." In *Belle St. Bank v. Ind. Com'n of Emp. Sec.*, 547 S.W.2d 841 [4, 5] (Mo.App.1977), the court held that not every "reason" which "appeals

to an employee's head or heart" constitutes good cause, and to hold otherwise would be an abuse of the Employment Security Law, the purpose of which is limited to persons unemployed through no fault of their own. The court held that to constitute good cause "the circumstances motivating an employee to voluntarily terminate employment must be real not imaginary, substantial not trifling, and reasonable not whimsical, and good faith is an essential element. The standard as to what constitutes good cause is the standard of reasonableness as applied to the average man or woman, and not the supersensitive."

 We hold, as a matter of law that claimant failed to sustain his burden of showing he had good cause to quit his job.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.