**Diana MACK, Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, et al., Respondents.**

**No. WD 43246.**

Missouri Court of Appeals, Western District.

April 30, 1991.

Samuel I. McHenry, Kansas City, for appellant.

Sharon Willis, Kansas City, for respondent Div. of Employment Sec.

Ronald Harris, Jefferson City, for respondent Labor & Indus. Relations Com'n.

Before TURNAGE, P.J., and LOWENSTEIN and ULRICH, JJ.

ULRICH, Judge.

Diana Mack appeals the Labor & Industrial Relations Commission's (Commission) decision denying her application for unemployment compensation benefits. Ms. Mack, an employee of the Kansas City,

Missouri, School District (School District), applied for unemployment compensation benefits following the 1987–88 school year. The Commission determined that Ms. Mack was ineligible for benefits because the School District had provided her with reasonable assurance that her employment would continue for the 1988–89 school year. The Commission's decision is affirmed.

Diana Mack was employed by the School District as a clerical aide from October 1, 1984, until the time that this dispute arose. As a clerical aide, Ms. Mack did not have an employment contract with the School District. Rather, the School District would notify Ms. Mack during the summer following each school year of its intention to reemploy her for the upcoming school year. Under this arrangement, the School District reappointed Ms. Mack to her position as a clerical aide every school year since her employment began in 1984. However, following the 1987–88 academic year Ms. Mack applied for unemployment compensation benefits.

The payment of unemployment compensation benefits is governed by chapter 288, RSMo 1986. Section 288.040.3(1)(b), RSMo 1986, provides:

With respect to service performed in any capacity (other than instructional, research, or principal administrative capacity) for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a contract or a reasonable assurance that such individual will perform such services in the second of such academic years or terms;

The Missouri Division of Employment Security denied Ms. Mack's application for unemployment compensation benefits and Ms. Mack appealed this determination. On July 27, 1988, a hearing was held before an appeals referee.

At the hearing, the School District introduced evidence that on or about July 1 of every year it sends a letter providing reasonable assurance of reemployment for the upcoming academic year to each School District employee that it wishes to retain. During her testimony at the hearing, Ms. Mack acknowledged that she had received such a letter following the 1986–87 academic year. The 1987–88 academic year ended on approximately June 4, 1988, and Ms. Mack applied for unemployment compensation benefits on approximately June 7, 1988. At the hearing, the School District introduced a letter dated July 1, 1988, allegedly sent to Ms. Mack on or about July 5, 1988, notifying her of the School District's intent to reappoint her to her position as a clerical aide for the 1988–89 academic year. Ms. Mack testified at the hearing that, while she had received similar letters in previous academic years, she did not receive the letter allegedly mailed to her in July 1988.

Following the hearing, the appeals referee determined that Ms. Mack was ineligible for unemployment compensation benefits because the school district had provided her with reasonable assurance that she would be reemployed for the 1988–89 academic year. Ms. Mack appealed the referee's decision to the Labor & Industrial Relations Commission. The Commission affirmed the referee's decision and Ms. Mack appealed to the Circuit Court of Jackson County. The circuit court affirmed the Commission's determination.

On appeal to this court, Ms. Mack claims that the circuit court erred in affirming the Commission's decision because the School District failed to provide Ms. Mack with reasonable assurance of reemployment. Ms. Mack contends the definition of reasonable assurance adopted by the Commission is inconsistent with and contrary to existing law because the Commission ignored the fact that the School District failed to provide her with the same reasonable assurance that she had received in prior school years. In particular, Ms. Mack argues that the School District could not have provided her with reasonable assurance of reemployment because the evidence fails to establish that she received a letter in July like those she had received in prior

years informing her of the School District's intent to reappoint her. Ms. Mack also contends that the Commission's decision is not supported by competent and substantial evidence because the School District's evidence that it sent Ms. Mack a letter expressing its intent to reemploy her for the 1988–89 academic year was hearsay.

A claimant for unemployment compensation benefits bears the burden of proving her eligibility for such benefits. *Ferry v. Labor & Indus. Relations Comm'n*, 652 S.W.2d 728, 729 (Mo.App. 1983). When reviewing the Labor & Industrial Relations Commission's determination, this court considers the evidence in the light most favorable to the Commission's decision, together with all reasonable inferences which could be drawn therefrom to support its finding. *Missouri Div. of Employment Sec. v. Labor & Indus. Relations Comm'n*, 616 S.W.2d 138, 140 (Mo. App.1981).

For her first point on appeal, Ms. Mack contends that the Commission's definition of reasonable assurance is erroneous because its definition fails to require that the School District provide Ms. Mack the same reasonable assurance of reemployment for the 1988–89 academic year that she had become accustomed to receiving in prior years. The Commission adopted the decision of the appeals referee, which provided in part:

"Reasonable Assurance" exists when an employer school district notifies a claimant that she will be retained in the same type of job in the next school year. The term "reasonable assurance" implies a high probability, not a certainty, that such reemployment will occur. It should also be noted that [§ 288.040.3(1)(b)] does not require that notice of "reasonable assurance" must be in writing. Even if it is assumed, without so deciding, that the claimant was not sent or did not receive the letter at issue, it is found that the competent and substantial evidence on the record as a whole establishes that the claimant had a high probability of being returned to her former position in the fall, 1988.

Under the language of § 288.040.3(1)(b), the claimant bears the burden of proving that she was not provided reasonable assurance of reemployment. *See Nelson v. Labor & Indus. Relations Comm'n*, 594 S.W.2d 356, 358 (Mo.App. 1980). Thus, the burden is not upon the School District to show that Ms. Mack received a letter similar to that she had become accustomed to receiving in past years. Rather, the burden is upon Ms. Mack to show that she did not receive a letter and that she did not receive any other form of reasonable assurance, including a verbal expression of the School District's intention to reemploy her.

At the hearing held before the referee, Ms. Mack testified as follows:

Q. —do you have any reason to think— or did you at the time you filed your claim for benefits that you wouldn't be returning to that employment?

A. No, I just wanted to return.

\*  \*  \*  \*  \*  \*

Q. At the end of the last school year, were you given any assurance that you were going to be reemployed in the following year?

A. She didn't say anything, she just said they will be getting letters and that there will be a reappointment

\*  \*  \*  \*  \*  \*

Q. Ms. Mack, could you repeat what she said, I am having trouble hearing you.

\*  \*  \*  \*  \*  \*

A. No, she didn't give me a letter or anything, she just said that you'll be receiving a letter in the mail. . . .

Q. That you were supposed to resume?

A. Yes.

Q. And you refer to she, who are you referring to?

A. The lady in the office.

Q. Is that your supervisor?

A. Well, no, she worked in the office with me. She's not my supervisor, but she—she's not my supervisor, but she was telling me that we will receive a letter.

Q. A letter saying what?

A. That we were supposed to come back.

Q. All right, was it ever indicated to you that for some reason the job might not be there the next fall?

A. No.

■ Ms. Mack, having received this information, filed an application for unemployment compensation benefits on June 7, 1988, prior to July, the time that a letter expressing the School District's intent to rehire her usually arrived. However, Ms. Mack's claim that the School District failed to provide her with reasonable assurance of reemployment is premised upon her alleged failure to receive the School District's letter. Ms. Mack also provided testimony that a new director in charge of her department had indicated that there would be some cuts in clerical staff and that there would be a few changes. Given Ms. Mack's earlier testimony that she had been told the school district would make reappointments and that she had received no indications that her job would not be available in the 1988–89 school year, Ms. Mack's evidence fails to satisfy her burden to demonstrate that the School District had not provided her with reasonable assurance of reemployment for the 1988–89 school year.

■ Ms. Mack also contends that the Commission's determination was erroneous because it is not supported by competent and substantial evidence. In particular, Ms. Mack claims that the School District's letter, which was allegedly sent to her on July 5, 1988, is hearsay evidence. This court does not reach the question of whether the letter was hearsay evidence because the Commission's decision is supported by other competent and substantial evidence. The referee's decision specifically assumes that the School District did not send and that Ms. Mack did not receive the letter in question. The referee's decision, therefore, is not premised upon the letter. Rather, the referee's decision is premised upon and supported by other competent and substantial evidence including Ms. Mack's testimony that she was told the School District would reappoint her and that the School District would send her a letter stating she would be reemployed for the 1988–89 school year.

The Commission's decision denying unemployment compensation benefits to Ms. Mack is affirmed.

All concur.