Isaac **ROBINSON**, Claimant–Respondent,

v.

**ST. LOUIS SCHOOL DISTRICT,**
Employer–Appellant.

No. 70395.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 10, 1996.

---

Rick A. Courtney, St. Louis, for Employer–Appellant.

Alan J. Downs, Isaac Robinson, St. Louis, for Claimant–Respondent.

DOWD, Presiding Judge.

The St. Louis School District ("Employer") appeals the Labor and Industrial Relations Commission's decision awarding unemployment benefits to Isaac Robinson ("Robinson"). The Commission found that Robinson was eligible for benefits because Employer had failed to provide him with reasonable assurance that his job would continue in the next school year. We reverse.

Robinson was employed as a part-time food service worker for the 1993–94 and 1994–95 school years. For workers in Robinson's position, employment for the following school year was not guaranteed. Rather, several weeks after the end of a school year Employer would send out "reasonable assurance" letters indicating that positions would be available in the fall. These letters would include an application and other forms necessary for continued employment.

Section 288.040.3(1)(b), RSMo 1994[1] addresses the payment of benefits for non-academic and non-administrative employees of educational institutions. It provides:

> With respect to service performed in any capacity (other than instructional, research, or principal administrative capacity) for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a contract or a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

Employer introduced the testimony of one of its personnel specialists who testified that Employer's personnel records indicated that Robinson was sent a reasonable assurance letter on June 5, 1995. Employer, therefore, contends Robinson is ineligible for benefits under § 288.040.3(1)(b). Robinson testified that he did not reside at his given home address after the 1994–95 school year and never received a letter. He also stated he never contacted Employer to inquire about

---

**1.** Unless otherwise noted all further statutory references are to RSMo 1994.

work in the fall or to provide his new address. The Commission found that Employer gave no reasonable assurance of continued employment and held that Robinson was eligible for benefits.

 Employer claims this finding is not supported by competent and substantial evidence. A claimant for unemployment compensation benefits bears the burden of proving eligibility for such benefits. *Ferry v. Labor & Indus. Relations Comm'n,* 652 S.W.2d 728, 729 (Mo.App. W.D.1983). When reviewing the Labor and Industrial Relations Commission's determination, this court considers the evidence in the light most favorable to the Commission's decision, together with all reasonable inferences which could be drawn therefrom to support its finding. *Mack v. Labor & Indus. Relations Com'n,* 807 S.W.2d 688, 690 (Mo.App. W.D.1991), citing *Missouri Div. of Employment Sec. v. Labor & Indus. Relations Comm'n,* 616 S.W.2d 138, 140 (Mo.App. E.D.1981). Under the language of § 288.040.3(1)(b), the claimant bears the burden of proving that there was no reasonable assurance of re-employment. See *Nelson v. Labor & Indus. Relations Comm'n,* 594 S.W.2d 356, 358 (Mo.App. W.D.1980); *Mack v. Labor & Indus. Relations Com'n,* 807 S.W.2d at 690.

Robinson's only evidence on this point is his testimony that he never received a reasonable assurance letter. However, he also testified that he was not residing at his stated home address. Rather, he was living with his mother. He admitted that he never informed Employer of a change of address. He also never claimed that he attempted to check at his home address for the letter. As Robinson was not residing at the only address of which Employer was aware, and to which the letter could have been sent, he was in no position to know whether Employer sent a letter or not. Therefore, Robinson's allegation that he never received a letter fails to show a lack of reasonable assurance of re-employment. As Robinson did not offer any competent and substantial evidence to meet his burden of showing a lack of reasonable

assurance of re-employment, the judgment of the Commission is reversed.

REINHARD and GARY M. GAERTNER, JJ., concur.