

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| PATRICIA A. THIEMANN, | ) | No. ED110402 |
| | ) | |
| Respondent, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| PARKWAY SCHOOL DISTRICT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | Filed: November 29, 2022 |
| | ) | |
| Respondent. | ) | |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

This unemployment compensation case, which arose in the spring of 2020 when the outbreak of the COVID-19 pandemic interrupted most schools' in-person learning, centers on whether at that time Respondent Patricia Thiemann, a long-time bus driver for the Parkway School District, had a "reasonable assurance" of returning to work at Parkway for the fall school term, which would disqualify her from receiving unemployment benefits during the summer break under section 288.040.3(1)(b)[1] of the Missouri Employment Security Law.

---

[1] All statutory references are to Revised Statutes of Missouri (2016) unless otherwise stated.

The Labor and Industrial Relations Commission found that Thiemann did <u>not</u> have such "reasonable assurance" and therefore was entitled to unemployment benefits during the summer break from May 24, 2020 to August 22, 2020. Parkway asserts pursuant to section 288.210 that this finding was not supported by sufficient competent evidence in the record.

We disagree and therefore affirm because the Commission's finding that Thiemann lacked reasonable assurance of driving a school bus for Parkway in the fall of 2020 is supported by the following evidence: (1) Parkway's May 2020 letter to Thiemann which was not a contract of employment but merely stated its intent to bring her back for the next school year; (2) Parkway made no announcement to Thiemann over the summer whether it planned to return to in-person classes in the fall; (3) Parkway did not hire Thiemann to work over the summer as it normally had done in years past; and (4) the pervasive uncertainty created by the COVID-19 pandemic.

**Background**

Thiemann began her employment as a Parkway School District bus driver on August 16, 2006.[2] During the 2019-2020 school year, Thiemann's work was interrupted when the buses stopped running in March 2020 upon the outbreak of the COVID-19 pandemic because Parkway switched from in-person learning to virtual learning[3] for the remainder of the school year. Parkway paid Thiemann through the end of Parkway's 2020 spring semester.

During her many years at Parkway, Thiemann typically worked in some capacity for Parkway during the summer, but that did not happen in 2020 because Parkway cancelled its in-

---

[2] At the time of the hearing on July 6, 2021, Thiemann was still employed by Parkway but in a new position responsible for routing Parkway's school buses.
[3] Virtual learning refers to the method whereby students, instead of attending classes in person at school buildings, connect with their teachers via computers.

person summer school due to the pandemic. And during that summer, Parkway did not notify Thiemann of its fall semester plans, i.e., whether school would be open for virtual or in-person learning. As it had typically done since Thiemann started working there, Parkway notified her in a May 2020 letter that it intended to bring her back for the next school year. Thiemann counter-signed the letter indicating her own intention to return in the fall. In this letter of intent, Parkway stated that it did not constitute a contract of employment.

On May 31, 2020, Thiemann filed her claim with the Division of Employment Security seeking unemployment benefits for the summer break between the two school years at issue alleging "lack of work/laid off" as the justification. On August 28, 2020, a deputy determined that Thiemann was entitled to benefits because she did not have "reasonable assurance of employment" in the school year starting that fall. Parkway's appeal to the Division's Appeals Tribunal asserted that Thiemann had such reasonable assurance because she was paid through May 21, 2020, she was on a scheduled summer break, and she returned to work when the summer break was over.[4]

On July 6, 2021, following a hearing, the Appeals Tribunal determined that Thiemann was <u>not</u> entitled to benefits because she had reasonable assurance of fall employment. On December 7, 2021, Thiemann filed her appeal to the Labor and Industrial Relations Commission which disagreed with the Appeals Tribunal and ruled in Thiemann's favor that she lacked reasonable assurance of returning to work in the fall and therefore was entitled to unemployment benefits from May 24, 2020 through August 22, 2020. In support of its decision under a totality of the circumstances approach, the Commission cited to the record that (1) due to the COVID-19

---

[4] On August 24, 2020, Thiemann returned to work as scheduled but after four days she was furloughed as the buses were not running since classes were virtual.

pandemic, Thiemann did not work for Parkway during the summer as she normally had done, (2) over the summer of 2020, Parkway did not announce its plan to return in the fall to in-person learning and, in fact, returned in the fall to virtual learning only, (3) Thiemann testified that due to the pandemic she did not believe she would return to work in the fall, and (4) the Commission's own observations that "the changing status of the coronavirus pandemic" meant that "there was little or no assurance of future employment" in "schools and businesses throughout Missouri."  Parkway now appeals.

**Standard of Review**

Our review of the Commission's decision is governed by the Missouri Constitution and section 288.210.  We review whether the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record."  MO. CONST. art. V, § 18.  Moreover, section 288.210(4) allows this Court to modify, reverse, remand for rehearing, or set aside the Commission's decision if there was not sufficient competent evidence in the record to warrant the award.

This Court will affirm the decision of the Commission if, "upon a review of the whole record . . . there is sufficient competent and substantial evidence to support the Commission's decision."  *C.L.E.A.N., LLC v. Division of Employment Sec.*, 405 S.W.3d 613, 619 (Mo. App. W.D. 2013) (quoting *E.P.M. Inc. v. Buckman*, 300 S.W.3d 510, 513 (Mo. App. W.D. 2009).  "If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination and it is irrelevant that there is supportive evidence for the contrary finding."  *Bd. Of Educ., Mt. Vernon School v. Shank*, 542 S.W.2d 779, 782 (Mo.banc 1976).  We defer to the Commission's determinations on issues of credibility.  *Higgins v. Missouri Div. of Employment Sec.*, 167 S.W.3d 275, 279 (Mo. App. W.D.

4

2005). We review questions of law *de novo*. *Difatta-Wheaton v. Dolphin Cap. Corp.*, 271 S.W.3d 594, 595 (Mo.banc 2008).

"A claimant for unemployment compensation benefits bears the burden of proving her eligibility for such benefits." *Mack v. Labor & Indus. Relations Com'n*, 807 S.W.2d 688, 690 (Mo. App. W.D. 1991). Moreover, under the language of section 288.040.3(1)(b), applicable to the particular circumstance of academic workers, the claimant bears the burden of proving that no reasonable assurance of re-employment in the next school term existed. *Robinson v. St. Louis School Dist.*, 928 S.W.2d 410, 412 (Mo. App. E.D. 1996).

## Discussion

In its point relied on, Parkway asserts that there was insufficient evidence supporting the Commission's decision. Parkway claims the Commission's finding regarding the impact of the COVID-19 pandemic and its finding that Parkway did not inform Thiemann about when Parkway planned to return to in-person learning, were not supported by the record. We disagree because these claims are belied by the record.

We also reject Parkway's claim that the letter Thiemann signed indicating her intent to return to work in the fall established that she had reasonable assurance of fall employment. We agree with the Commission that the letter Thiemann signed was just one aspect of the totality of the circumstances determination whether Thiemann had such reasonable assurance and we, of course, defer to the Commission's finding in this regard. *Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 629 (Mo.banc 2012).

Section 288.040.3(1)(b) mandates that unemployment benefits shall not be paid to individuals[5] who perform services for an educational institution during the period between two

---

[5] This provision does not apply to members of the school faculty or administration.

5

successive academic terms if the individual performs services during the first academic term and there is a contract or reasonable assurance that the individual will perform services in the second academic term. Reasonable assurance "exists when an employer school district notifies a claimant they will be retained in the same type of job in the next school year. The term 'reasonable assurance' implies a high probability, not a certainty, that reemployment will occur." *Mack*, 807 S.W.2d at 690. "In determining whether a claimant has reasonable assurance of future employment with an educational institution, various factors are considered. It is appropriate to review the individual situation of a claimant on a totality of circumstances approach." *See Unemployment Insurance Program Letter 5-17, issued by the U.S. Dept. of Labor,* (December 22, 2016).[6]

With the foregoing principles in mind, we agree with the Commission that Thiemann did not have reasonable assurance to return as a bus driver for the 2020-2021 school year based on the totality of the circumstances which include Thiemann's testimony, Parkway's pandemic-related operational decisions, and the pervasive uncertainty the COVID-19 pandemic created in 2020, particularly in the academic setting.

The elephant in the room blanketing this case is the COVID-19 pandemic. *See State v. Barac*, 558 S.W.3d 126 (Mo. App. W.D. 2018) ("Both a trial court and an appellate court may take judicial notice of current history, of geographical facts, and of facts commonly known to all mankind . . . ."). Missouri's governor declared a COVID-19 state of emergency which lasted from March 13, 2020 to August 27, 2021. During this unprecedented time, schools shifted from in-person to virtual learning with little assurance as to when students and staff would return in person. The Commission here acknowledged as much: "The series of events described by the

---

[6] The Commission's decision cited to this authority.

6

claimant, information in the public arena from news reports, the changing status of the coronavirus pandemic, and projections for re-opening schools and businesses throughout Missouri all show there was little or no assurance of future employment." *See Rayner v. Division of Employment Security,* 633 S.W.3d 857, 861 (Mo. App. W.D. 2021) (the Court acknowledged the effects of the pandemic on mail service and ultimately reversed the Commission's dismissal of the claim as untimely).

Parkway's own operational decisions whether to go to in-person or to virtual learning demonstrated its uncertainty with regard to the upcoming school year. And if Parkway did not appear to know whether in-person school would resume in the fall with the resulting need for bus drivers like Thiemann, how was Thiemann supposed to have such assurance?

For her part, Thiemann testified that because of the pandemic she did not feel reasonably assured of returning in the fall especially since Parkway had cancelled all of its summer programs at which Thiemann had typically worked in years past. *See Ryan v. Motor Technologies Group*, 180 S.W.3d 94, 96 (Mo. App. S.D. 2005) ("In reviewing the Commission's order for competent and substantial evidence, we must defer to the Commission's determinations as to the credibility of witnesses . . . ."). Other than the May 2020 letter of intent, Thiemann testified she received no other information from Parkway as to its plans for the school year starting in the fall.

Based on the foregoing, there was sufficient competent evidence to support the Commission's decision that Thiemann did not have the reasonable assurance necessary to disqualify her from receiving unemployment benefits over the summer break. *See Nelson v. Labor and Industrial Relations Commission*, 594 S.W.2d 356, 359 (Mo. App. W.D. 1980)

(where the Commission drew inferences from claimant's testimony and other facts on the record to support its ultimate conclusion that the claimant had reasonable assurance).

Finally, we turn to and dispose of Parkway's specific assertions. First, Parkway argues its letter of intent satisfies the "reasonable assurance" element of section 288.040.3(1)(b). We disagree. Perhaps if COVID-19 had not occurred, they would be right, but under the totality of the circumstances approach the Commission adopted, we cannot ignore the pandemic. Parkway wrote the letter and stressed in it that it was <u>not</u> a contract. Rather, it was simply something the parties had done every other year during their fourteen-year recurring employment relationship. But 2020 was not like every other year. Therefore, in light of the pandemic, the letter did not offer a "high probability" of employment in the next school year as required by section 288.040.3(1)(b). For similar reasons, we reject Parkway's claim based on *Nelson* that the parties' long-standing pattern of employment and re-employment, standing alone, satisfied the reasonable assurance requirement. 594 S.W.2d at 359.

We also reject Parkway's assertion that the Commission's finding that "there was no indication in the record that claimant was informed about a return date" lacked support in the record because Thiemann testified that she was not informed over the summer that Parkway would be returning to in-person learning and therefore she did not know if she would have a job in the fall. *Higgins*, 167 S.W.3d at 279.

Finally, we defer to the Commission's assessment and weight it gave to the evidence that Thiemann returned for four days in the fall before she was furloughed. Like the Commission, we find that the issue of reasonable assurance only applies to the period between the two successive school terms pursuant to section 288.040.3(1)(b) and therefore the only issue to analyze "is the period from May 24, 2020, when the spring 2020 term ended, to August 22, 2020, when the

8

claimant stopped filing for benefits." Thus, Thiemann's short-lived return to work in the fall is largely irrelevant to the key issue in this case.

## Conclusion

The impact of COVID-19 on this case is undeniable. During the chaos and uncertainty in the spring of 2020, Parkway could not and did not give Thiemann reasonable assurance of employment as a bus driver in the next school term. As such, we affirm because there was sufficient competent evidence to support the Commission's decision that Thiemann was entitled to unemployment benefits during the summer break between the two academic terms.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J., concur.